**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Antwan Lamar Nelson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:10-cv-02988-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Lexington County Detention Center; | ) | |
| Food Service Supervisors, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation [Doc. 10], filed on November 29, 2010, recommending that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

### STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### DISCUSSION

Plaintiff Antwan Lamar Nelson is a *pro se* inmate awaiting trial or sentencing on federal criminal charges and is pursuing this action under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that after eating spaghetti sauce during a meal on or about April 28, 2010, he became ill, and Defendants Lexington County Detention Center ("Detention Center") and Food Service Supervisors ("Food Service Supervisors") violated his civil rights.

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on the pending motions. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Scranch*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In his objections, Plaintiff explains that he does not know the names of the specific individuals responsible for his illness by stating, "I do not have a name as a Defendant. All I have is this Detention Center and the staff workers of the kitchen." [Doc. 12, at 1]. Despite this objection, Plaintiff has nevertheless failed to establish that Defendant Detention Center, as a building and not a person, is amenable to suit under § 1983. Similarly, Plaintiff has failed to establish that Food Service Supervisors, as a group of people and not individuals, are amenable to suit under § 1983.

It is therefore **ORDERED** that Plaintiff's Complaint be dismissed without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

                                                                                                                 s/ J. Michelle Childs  
                                                                                                                United States District Judge

May 26, 2011  
Greenville, South Carolina